12-4818
Gunawan v. Holder

BIA
A089 254 179/180

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand fourteen.

PRESENT:
>        PETER W. HALL,
>        GERARD E. LYNCH,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

RE INA GUNAWAN, IRSAN SUTANTO,
>        *Petitioners*,

>        v.                                    12-4818
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Terri J. Scadron,
                       Assistant Director; Aaron D. Nelson,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Re Ina Gunawan and Irsan Sutanto, natives and citizens of Indonesia, seek review of the BIA's November 16, 2012 decision denying their motion to reopen. *In re Re Ina Gunawan, Irsan Sutanto*, Nos. A089 254 179/180 (B.I.A. Nov. 16, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Petitioners' motion to reopen as untimely was not an abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). There is no dispute that Petitioners' July 2012 motion was untimely, as the BIA issued the final administrative order in April 2011. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day period to file for reopening); 8 C.F.R. § 1003.2(c)(2) (same). However, there is no time limitation for filing a motion to reopen if it "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous

2

proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). As the BIA concluded, the Petitioners' evidence failed to establish changed conditions for ethnic Chinese Christians in Indonesia.

The BIA reasonably found that despite the slight increase in the reported number of religiously-motivated acts of violence, there was no significant change in the type of attacks (including the destruction and forced closure of Christian churches) or the sporadic nature of the incidents of religious violence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings under the substantial evidence standard). Given that attacks against Christians remained sporadic and concentrated in a few regions, and the Indonesian government both respected religious freedom and prosecuted perpetrators of religious violence, the BIA reasonably found that any change was not material. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Santoso v. Holder*, 580 F.3d 110, 111-12 (2d Cir. 2009) (upholding agency's rejection of pattern or practice claim when background materials noted only sporadic, localized religious violence in some of the 6,000 inhabited islands of Indonesia); *Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) (noting that asylum applicant

3

alleging persecution at the hands of non-state actors must demonstrate that government is unwilling or unable to control those actors).

Because the evidence Petitioners submitted was insufficient to establish a change in conditions in Indonesia since the time of their hearing, the BIA did not abuse its discretion in denying their motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4